

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-2-2005

# In Re: Timothy Hale

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2560

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"In Re: Timothy Hale " (2005). *2005 Decisions*. Paper 746.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/746

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

CPS-248                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-2560
_____

IN RE:  TIMOTHY A. HALE,

Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Middle District of Pennsylvania
(Related to M.D. Pa. Civ. No. 04-cv-02704)
District Judge:  Honorable James A. Munley

_____

Submitted Under Rule 21, Fed. R. App. P.
May 26, 2005

Before:  ALITO, MCKEE and AMBRO, CIRCUIT JUDGES

(Filed:     August 2, 2005)

_____

OPINION

_____

PER CURIAM

        Timothy Hale has filed a petition for a writ of mandamus requesting that we issue

an order directing the District Court to review and consider Hale's amended complaint.

In December 2004, Hale filed a civil rights complaint.  By order entered January 19,

2005, the District Court ordered Hale to file an amended complaint complying with Rules

8 and 20 of the Federal Rules of Civil Procedure within twenty days or the action would be dismissed. Hale then filed an amended complaint. By order entered February 8, 2005, the District Court reviewed the amended complaint and dismissed it pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. In an April 28th letter to the District Court, Hale alleged that he had not received a copy of the District Court's February 8, 2005, order.

The writ of mandamus will issue only in extraordinary circumstances. See Sporck v. Peil, 759 F.2d 312, 314 (3d Cir. 1985). As a precondition to the issuance of the writ, the petitioner must establish that there is no alternative remedy or other adequate means to obtain the desired relief, and the petitioner must demonstrate a clear and indisputable right to the relief sought. Kerr v. United States District Court, 426 U.S. 394, 403 (1976). A writ is not a substitute for an appeal; only if a direct appeal is unavailable will the court determine whether a writ of mandamus will issue. See In Re Ford Motor Co., 110 F.3d 954, 957 (3d Cir. 1997).

Hale requests that we direct the District Court to review his amended complaint. Because the District Court has already done so, we will deny the petition as moot. However, we will request the District Court to send Hale a copy of its February 8, 2005 order.[1]

---

[1] It is not clear whether an appeal from the District Court's February 8th order would be timely. See Fed. R. App. P. 4(a)(6); Fed. R. Civ. P. 58. We express no opinion on our jurisdiction over such an appeal.